IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE GREEN, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO.<br>1:16-cv-04156-TWT-RGV |
| SVC MANUFACTURING, INC., *et al.*, | |
| Defendants. | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

On March 2, 2017, the Court issued an Order directing plaintiff Michelle Green ("plaintiff") to show cause why her complaint should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to effect service of process on the defendants SVC Manufacturing, Inc. and PepsiCo, Inc. (collectively referred to as "defendants"). [Doc. 2].[1] Plaintiff has not complied with the Order, and for the following reasons, it is **RECOMMENDED** that plaintiff's complaint, [Doc. 1], be **DISMISSED WITHOUT PREJUDICE** for failure to effectuate service of process on the defendants and for failure to obey the Court's Order**.**

---

[1] The listed document and page numbers in citations to the record in this Report and Recommendation refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

Plaintiff filed her complaint in this action on November 5, 2016, alleging age and disability discrimination and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. [Doc. 1]. On March 2, 2017, after the time limit for service had passed and a review of the docket indicated that service had not yet been effectuated upon the defendants, the Court entered an Order, directing plaintiff to appear in Court on March 10, 2017, at 9:30 a.m., to show cause in person and in writing why this case should not be dismissed for failure to effect service of process on defendants in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. [Doc. 2]. However, plaintiff did not appear on March 10, nor did she file any written response to the Order explaining why this case should not be dismissed. See [Docket entry dated 03/10/2017].

"Where, as here, plaintiff[] failed to serve [defendants] properly within the [time][2] period allotted under the Federal Rules of Civil Procedure, 'the court-on motion or on its own initiative after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be effected within a specified time. But if the plaintiff shows good cause for the failure, the court shall

---

[2] Rule 4(m) was amended effective December 1, 2015, to reduce the time allowed for service of process from 120 days to 90 days. Plaintiff filed this action after the effective date of the amendment, and thus she had 90 days to effectuate service upon defendants.

extend the time for service for an appropriate period.'"  Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009), adopted at 1290 (footnote added) (quoting Fed. R. Civ. P. 4(m)).  Plaintiff, who has yet to serve either defendant in this case, has failed to even respond to the Court's show cause Order, much less provide good cause for her failure to serve the defendants.[3]  Plaintiff's conduct therefore warrants dismissal of this case.  See id. (dismissing defendant without prejudice where plaintiff failed to effectuate service within the time allowed).

For the foregoing reasons, it is **RECOMMENDED** that plaintiff's complaint, [Doc. 1], be **DISMISSED WITHOUT PREJUDICE**.  The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 10th day of March, 2017.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

[3] If a plaintiff "fails to show good cause for failing to timely effect service, a court 'must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'"  Duncan v. CCA McRae Corr. Facility, No. CV 308-047, 2009 WL 1151620, at *1 (S.D. Ga. Apr. 27, 2009), adopted at *1 (quoting Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)).  "Nevertheless, the decision to extend the time for service is within the Court's sound discretion."  Id.  The Court finds no circumstances on the record before it that warrant an extension of time for plaintiff to serve defendants.