UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE GREEN, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>SVC MANUFACTURING, INC., )<br>and PEPSICO, INC., )<br>)<br>    Defendants. ) | Case No. 1:16-cv-04156-TWT-RGV |

## DEFENDANTS' INITIAL DISCLOSURES

COME NOW SVC Manufacturing, Inc. ("SVC") and PepsiCo, Inc. ("Pepsi") (collectively, "Defendants") and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and the Local Rules of this Court, make the following Initial Disclosures.

(1) If any of the Defendants are improperly identified, state Defendants' correct identification and state whether said Defendants will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.

RESPONSE:

**Defendants are properly named.**

(2)     Provide the names of any parties whom Defendants contend are necessary parties to this action, but who have not been named by the Plaintiff. If Defendants contend that there is a question of misjoinder of parties, provide the reasons for Defendants' contention.

RESPONSE:

**None at this time.**

(3)     Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendants in the responsive pleading.

RESPONSE:

**Defendants deny all of Plaintiff's allegations. Defendants specifically deny that they discriminated against Plaintiff in any way, including on the basis of her race or alleged disability. Defendants further deny any retaliatory conduct.**

**Plaintiff, a Logistics-Distribution Transportation Resource, suffered from poor performance throughout her employment. Despite this poor performance, Defendants worked with Plaintiff to make improvements. Defendants never terminated Plaintiff or took any other adverse employment action against her. When Plaintiff complained of mistreatment in 2013, Defendants worked promptly and diligently to investigate any misconduct,**

**and found none. Plaintiff continued to work for Defendants for three years following her alleged mistreatment with no adverse employment actions taken, until she voluntarily retired in August 2016.**

(4)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendants contend are applicable to this action.

RESPONSE:

**Defendants identify the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, including the anti-retaliation provisions therein and mandatory authority interpreting those statutes.**

(5)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

RESPONSE:

**See Attachment A.**

(6)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all

experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

RESPONSE:

**None at this time. Defendants reserve the right to amend these Initial Disclosures in accordance with the Federal Rules of Civil Procedure.**

(7)   Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

RESPONSE:

**See Attachment C.**

(8)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privilege or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.

RESPONSE:

**None at this time.**

(9)     If the Defendants contend that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendants in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.

RESPONSE:

**None at this time.**

(10)    Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.

RESPONSE:

**None at this time.**

Dated this the 24th day of August, 2017.

                Respectfully submitted,

                  *s/Natalie N. Turner*
                  Natalie N. Turner
                  GA Bar No. 719646
                  natalie.turner@ogletree.com
                  Luke P. Donohue
                  GA Bar No. 193361
                  luke.donohue@ogletree.com

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Fax:  404.870.1732

*Counsel for Defendants.*

**ATTACHMENT A: WITNESS LIST**

Defendants identify the following persons likely to have discoverable information relevant to the disputed issues set forth in the pleadings. Consistent with the Federal Rules of Civil Procedure, Defendants will properly amend or supplement this list in the event that discovery yields new information. Although Defendants do not possess actual knowledge regarding the exact information possessed by each individual identified herein, Defendants believes in good faith that these individuals possess information on the following subjects:

1. Plaintiff Michelle Green, c/o John Wales, Esq., has information concerning the allegations contained in her pleadings and her alleged damages.

2. Terry Leverich, c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 191 Peachtree Street, Suite 4800, Atlanta, Georgia, 30303.  As Plaintiff's Senior Manager, Mr. Leverich is believed to have information concerning Plaintiff's employment with Defendants and poor performance throughout same.

3. Andre Baldon, c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 191 Peachtree Street, Suite 4800, Atlanta, Georgia, 30303.  As Plaintiff's supervisor, Mr. Baldon is believed to have knowledge and information concerning Plaintiff's poor performance, various improvement plans, performance reviews, and efforts to improve her work quality.

4. LaWanda Price, c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 191 Peachtree Street, Suite 4800, Atlanta, Georgia, 30303. As an LD&T Senior Resource, Ms. Price is believed to have knowledge and information concerning Plaintiff's employment with Defendants and any alleged complaints of mistreatment and how they were investigated and resolved.

5. Will Lively, c/o Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 191 Peachtree Street, Suite 4800, Atlanta, Georgia, 30303. As Human Resources Manager, Mr. Lively is believed to have knowledge and information concerning Plaintiff's performance reviews and personnel matters.

6. Relevant witnesses identified by Plaintiff.

## ATTACHMENT C: DOCUMENT LIST

Categories of non-privileged documents, data compilations, and tangible things in defendant's possession, custody, or control that may be used to support Defendants' defenses include the following:

1. Select documents from Plaintiff's personnel file, including but not limited to, performance reviews, performance improvement plans, and other coaching documents;

2. Select communications, including emails, between Plaintiff and management, including but not limited to Andre Baldon, LeWanda Price, and Terry Leverich, pertaining to her employment, and specifically her poor performance;

3. Select communications, including emails, between Plaintiff and Human Resources representatives relevant to her employment with Defendants, and any complaints of alleged mistreatment;

4. Select policies and procedures of Defendants; and

5. Documents produced by third parties subpoenas.

Defendants reserves the right to amend or supplement this response as necessary, and all documents and information produced by Defendants during discovery in this action is incorporated herein by reference.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MICHELLE GREEN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>SVC MANUFACTURING, INC., )<br>and PEPSICO, INC., )<br>)<br>Defendants. ) | Case No. 1:16-cv-04156-TWT-RGV |

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2017, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system for filing which will automatically notify the following:

John D. Wales, Esq.
Law Offices of John D. Wales
600 Village Trace NE, Suite 175
Marietta, GA 30067

*s/Natalie N. Turner*
Natalie N. Turner
GA Bar No. 719646
Counsel for Defendants

10